## MILES v. PENNOCK.

The lien acquired by an attachment of the separate property of a partner to secure a partnership debt, is preferred to a subsequent attachment to secure a separate debt, which was contracted subsequently to the first attachment.

WRIT OF ENTRY, brought by Harmon A. Miles against Samuel M. Pennock, to recover land in Nashua. The parties agreed upon the following facts:

On the 22d of April, 1867, the premises were owned by Silas P. Dean. On that day the defendant attached the premises to secure a debt due from Dean and Strickland as co-partners; he subsequently recovered judgment, and extended an execution on the premises. Prior to the completion of the defendant's levy, the premises were attached upon a suit to recover a debt contracted by Dean in his individual capacity,—said debt having been contracted subsequently to April 22, 1867. The plaintiff claimed title under the execution recovered in the latter suit. Other facts appeared by the agreed statement, but in the view taken by the court they are not deemed material.

Judgment to be rendered upon the agreed facts.

A. W. Sawyer, for the plaintiff.

G. Y. Sawyer & Sawyer, Jr., for the defendant.

SMITH, J. " The creditors of the partnership, in taking the property of the partner for their debt, do no wrong and are guilty of no fraud, for the property of the individual partner, so far as he is concerned, is just as much liable for the partnership debts as the partnership property." PERLEY, C. J., in Bowker v. Smith, 48 N. H. 111 (p. 115). A partnership creditor has an undoubted right to attach the separate property of a partner in a suit brought to recover a partnership debt. His attachment will, however, be postponed to a subsequent attachment by a separate creditor, to secure a separate debt which was in existence at the time of the first attachment. Jarvis v. Brooks, 23 N. H. 136; Crockett v. Crain, 33 N. H. 542; Holton v. Holton, 40 N. H. 77; Weaver v. Weaver and Sibley, 46 N. H. 188. The basis of the preference thus given to the separate creditor is, that private creditors are presumed to give credit with reliance upon the private property, and that " the funds are to be liable on which the credit was given;" see 3 Kent's Com. 65. This reasoning cannot apply to a case where the separate debt was contracted subsequently to the attachment upon the partnership debt. In such instances, it cannot be contended that the separate property thus attached was, at the date of the first attachment, a fund set apart for the primary object of paying the specific debt for which the separate creditor afterwards attached it. The latter debt was not then in existence.

Nor can it be presumed that the separate creditor, in giving credit, relied upon the separate property in the unincumbered condition that it was in prior to the attachment upon the partnership debt.

The record of the first attachment in the present case furnished constructive notice to all subsequent creditors. If the subsequent separate creditor, in giving credit, relied at all upon the attached property, he relied upon it in the condition it was in at the time of giving credit. It was then incumbered by a valid attachment to secure a valid debt.

A *bona fide* gift of this land by the partner to the partnership creditor, upon the day when the latter attached it, would have been valid as against one who subsequently became a 'separate creditor of the partner. An attachment of the land upon a partnership debt ought to place the attaching creditor in at least as favorable a position as a mere donee, in respect to all claims of preference made in behalf of subsequent separate creditors. As to the nature of the lien acquired by an attachment on mesne process, see PARKER, C. J., in *Kittredge* v. *Warren*, 14 N. H. 509, 523, 530. It is not the policy of our law to allow debtors the dangerous power of destroying attachment liens on their property by their own acts in contracting fresh debts subsequently to the attachments.

In none of the authorities above cited did it appear that the separate debt was contracted subsequently to the attachment on the partnership claim. On the contrary, it distinctly appeared, in *Jarvis* v. *Brooks* and in *Weaver* v. *Weaver*, that the separate debt was contracted prior to the attachment on the partnership demand ; and we learn from counsel, that the separate debt sought to be recovered in *Holton* v. *Holton* was contracted long before the " arrangement " between the trustee and the principal defendant. In *Lovejoy* v. *Bowers*, 11 N. H. 404, the court lay stress on the fact that the mortgagee had permitted the mortgagor to continue the business, and also on the chance that all the property then in controversy might have been derived from the subsequent creditors. In this case there seems no foundation for similar arguments.

*Judgment for the defendant.*